# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:07-CV-31-RLV-DCK

| | |
|---|---|
| BRADLEY E. EARP, | ) |
|     Plaintiff, | ) ORDER |
| v. | ) |
| CHRISTOPHER ALLEN PETERS, | ) |
|     Defendant and | ) |
|     Third-Party Plaintiff, | ) |
| v. | ) |
| ERICA WAYNETTE HARRIS and the COUNTY OF ALEXANDER, | ) |
|     Third-Party Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Motion to Compel" (Document No. 53). The Defendant opposes the motion. (Document No. 58). This matter has been referred to the Magistrate Judge. A hearing was held on May 19, 2009, and the motion is now ripe for review. Having fully considered the record, including the written briefs (Document Nos. 53, 54, 58) and the oral argument presented at the hearing, the undersigned will **deny** the motion for the following reasons:

Rule 26 (b) of the Federal Rules of Civil Procedure provides that:

> "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."

Courts must strike a balance between the broad scope permitted by the civil rules and the requirement that such discovery be relevant. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) (observing that the civil rules are given a "broad and liberal treatment" but that "discovery, like all matters of procedure, has ultimate and necessary boundaries"). Discovery is not limited to matters that will be admissible at trial so long as the information sought appears reasonably calculated to lead to the discovery of admissible evidence. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 29-30 (1984).

This personal injury action arises out of a vehicle collision which occurred in Taylorsville, North Carolina. Plaintiff Bradley Earp, an EMS supervisor, was a passenger in an ambulance which was struck by a tractor-trailer driven by Defendant Christopher Peters. Plaintiff sustained severe injuries. After this action was filed, the Defendants retained an animator, Mr. Shealy, in August of 2008 to create an animation version of the vehicle collision at issue in this case. The animation is intended to be used as a trial exhibit for illustration purposes.

To create this animation, Mr. Shealy used data provided by the expert accident reconstructionist, Mr. Keifer. This data was put into the "3D-S" program to make the animation. Plaintiff indicates that, on at least four occasions, he has requested production of the "3D-S file" used by Mr. Shealy to create this animation. Defendants objected on the basis that the Plaintiff's requests are overbroad, burdensome, and seek "proprietary" computer software. Defendants argue that this software is merely a tool used to create an exhibit, and does not constitute discoverable "evidence."

Pursuant to Civil Rule 37, Plaintiff moves to compel production of the "3D-S file." Although Plaintiff's counsel argued at the hearing that its request was not overly broad (as it concerns only one item) and was not burdensome (as it would require little effort to furnish this item), the Plaintiff has not shown that this "proprietary" software program is "reasonably calculated to lead to the discovery

of admissible evidence." Plaintiff cites no case law or other authority to support its request.

At the hearing, respective counsel referred to the requested item as "3D-S Max." At the hearing, it became apparent that the requested item is not actually a computer "file," but a copyrighted commercially-available software program used to create animation.[1] The Defendants indicate that they have already given Plaintiff all discoverable data used as input in making the animation, including both versions of the accident reconstructionist reports. Specifically, Defendants indicate that on October 1, 2008, they "provided Plaintiff with Mr. Kiefer's simulation data" and this was "the data used by the expert animator, Shealy, to prepare the animation." (Document No. 58, p.2). The Defendants have also provided Plaintiff with a cd-rom copy of the animation itself.

In addition, on August 26, 2008, the Plaintiff extensively deposed the Defendant's animator, Mr. Shealy, about the process used to create his animation. Thus, Plaintiff not only has the input data and the animation itself, but has also been able to question the animator (and accident reconstructionists) about specific data, including the stop and start times, the point of impact, and assumed reaction times. In their response, the Defendants argue:

> "Shealy provided no new data of his own; but, instead, inputted Keifer's data from Kiefer's simulation (again, which has been fully provided to Plaintiff). Shealy then used certain **computer tools and software** available to him which he has described, but which does not constitute new data nor additional data beyond what was provided to him by Kiefer. The animation is only a computer-generated

---

[1] Although Plaintiff's counsel initially indicated that they were not asking for computer software, the free on-line tutorial for this product indicates that "3DS Max is a professional 3D animation rendering and modeling software package used mostly by game developers, design visualization specialists, and visual effects artists." See www.tutorialized.com/tutorials/3DS-MAX/Animation. See also, http://3ds.file-extension-library.com (indicating that this is "a widely utilized off the rack 3D animation program....[that] has been used for a very long time on the Microsoft Windows Operating System...It is mainly utilized by studios of architectural visualization, television advertisement studios, and by developers of video games.").

> illustration of Kiefer's underlying accident reconstruction and simulation. Therefore, there is nothing contained in the 3-DS file of Shealy that the Plaintiff is entitled to under Rule 26 to discover. It appears the Plaintiff seeks this information for the purpose of adapting the animation prepared by Shealy for its own use at trial. Production of the "3-DS" file would allow the Plaintiff to do exactly this. This is the Plaintiff's purpose in pursuing these files. The Plaintiff is not entitled to have the benefit of Shealy's work, nor copyrighted and proprietary programs and tools utilized by Shealy, to create the animation. The Defendant has disclosed all underlying data input by Shealy and relied upon by Shealy for the purposes of creating the animation."

Defendants indicate they have gone to considerable expense to create this animation and that they cannot merely "copy" a copyrighted software program for the Plaintiffs to use. The Plaintiff has been provided ample information to assess the accuracy of the depiction in the animation.

Defendants point out that the Plaintiff has hired his own accident reconstructionist (Mr. Middleton), but has not hired an animator. The Defendants protest that they may not copy a copyrighted "proprietary" program simply to spare the Plaintiff the expense of acquiring the software or the services of an animator. While the desire of Plaintiff's counsel to minimize expenses for his client is laudable, the undersigned agrees that discovery of the "3D-S' software need not be compelled in these circumstances.

The Defendants have already disclosed the animation itself as well as the underlying data used to create it. See, e.g., *Clark v. Cantrell*, 529 S.E.2d 528, 536 (2000) ("To ensure that the opposing party has sufficient time to analyze the animation, the trial court also should consider whether the proponent disclosed the animation and underlying data within a reasonable period of time before trial."); *Ramos v. Hawley*, 316 S.C. 534, 536 (1994) ("Proper trial procedure for the introduction of evidence requires that opposing counsel be given the proposed evidence before it is accepted by the

court. This opportunity allows counsel to determine whether an objection is proper."). The Defendants have made their animator and accident reconstructionists available for multiple depositions. Discovery has "ultimate and necessary boundaries." *Hickman*, 329 U.S. at 507. Plaintiff has not shown a basis to compel production of the requested software.

**IT IS THEREFORE ORDERED** that the "Plaintiff's Motion to Compel" (Document No. 53) is **DENIED**.

**IT IS SO ORDERED**.

Signed: May 20, 2009

David C. Keesler
United States Magistrate Judge