**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CASE NO. 5:07-CV-31-RLV-DCK**

| | |
|---|---|
| BRADLEY E. EARP, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| CHRISTOPHER ALLEN PETERS, | )   ORDER |
| | ) |
| Defendant and | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| | ) |
| ERICA WAYNETTE HARRIS and the | ) |
| COUNTY OF ALEXANDER, | ) |
| | ) |
| Third-Party Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** the "Defendant's Motion to Strike Plaintiff's Expert Witness Designation and Report of Richard Paul Bonfiglio, M.D." (Document No. 60) filed by Christopher Allen Peters. The Plaintiff opposes the motion. This matter has been referred to the Magistrate Judge. Having fully considered the record, including the parties' briefs and exhibits (Document Nos. 60-63), the undersigned will **grant** the motion for the following reasons:

The "Pretrial Order and Case Management Plan" ("Scheduling Order") required the Plaintiff to provide reports from its expert witnesses by December 5, 2007, and set forth a discovery deadline of June 1, 2008. (Document No. 23, Sec. I(H)). The discovery deadline was thereafter extended to September 1, 2008. (Document No. 29, ¶ 2). The Defendant timely moved to compel the independent medical examination of Plaintiff. (Document No. 33).

On September 12, 2008 this Court entered an ordered directing Plaintiff to undergo a medical examination by Christopher S. Delaney M.D. at Defendant's request and further extending the

discovery deadline to November 7, 2008. (Document No. 48). Dr. Delaney examined Plaintiff on October 8, 2008, and provided his report to Plaintiff on October 22, 2008. His report indicated that Plaintiff had reached maximum medical improvement and needed no further care for the injuries sustained in the accident.

Plaintiff was examined by a physician of his own choosing, Dr. Richard Paul Bonfiglio, on October 30, 2008. Plaintiff indicates that he did not receive his physician's report until late January or early February of 2009, and that he supplemented his discovery responses to the Defendant on February 6, 2009 (as identified in Plaintiff's Eleventh Supplemental Responses to Defendant/Third-Party Plaintiff's First Set of Interrogatories and Request for Production of Documents to Plaintiff).

The Defendant moves to strike Plaintiff's expert witness designation and report of Dr. Bonfiglio. The Defendant contends that the Plaintiff designated this expert approximately eight (8) months past the deadline of June 5, 2008 for designation of experts. (Document No. 29). Although Plaintiff contends that Dr. Bonfiglio's report is needed to rebut Dr. Delaney's report, the Defendant counters that the Plaintiff already has more than a dozen experts and should not be allowed to ignore the scheduling deadlines, which have already been extended multiple times.

The undersigned agrees. The Plaintiff designated this expert eight months late, and the parties have already been afforded ample time to designate experts and conduct discovery. Plaintiff provided Defendant with this expert report several months past the extended discovery deadline of November 7, 2008. (Document No. 48, "Order" requiring discovery to be completed by November 7, 2008, and noting that "Plaintiff has undergone numerous examinations by his own physicians and/or experts"). Plaintiff's medical condition has been at issue from the inception of this lawsuit, and Plaintiff could have obtained its own report earlier and/or timely sought further extension. Defendant points out that

if another expert is allowed at this late date, Defendant would need to depose the late-designated expert. As dispositive motions are due October 15, 2009, additional discovery at this late date would significantly delay this case further. Discovery has necessary boundaries. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979) (observing that "judges should not hesitate to exercise appropriate control over the discovery process"); *Hinkle v. City of Clarksburg, West Virginia*, 81 F.3d 416, 426 (4th Cir. 1996) (observing that "courts enjoy nearly unfettered discretion to control the timing and scope of discovery").

**IT IS, THEREFORE, ORDERED** that the "Defendant's Motion to Strike Plaintiff's Expert Witness Designation and Report of Richard Paul Bonfiglio, M.D." (Document No. 60) is **GRANTED**.

**IT IS SO ORDERED**.

Signed: August 24, 2009

David C. Keesler
United States Magistrate Judge